

| | | |
|---|---|---|
| **PORTLAND MAIN OFFICE**<br>1000 SW Third Avenue, Suite 600<br>Portland, Oregon 97204<br>(503) 727-1000<br>*www.usdoj.gov/usao/or* | **U.S. DEPARTMENT OF JUSTICE**<br>United States Attorney's Office<br>District of Oregon<br>Billy J. Williams, United States Attorney | **EUGENE BRANCH**<br>405 E 8th Avenue, Suite 2400<br>Eugene, Oregon 97401<br>(541) 465-6771 |
| Joseph Huynh<br>Assistant U.S. Attorney<br>joseph.huynh@usdoj.gov<br>(541) 465-6771<br>*Reply to Eugene Office* | | **MEDFORD BRANCH**<br>310 West Sixth Street<br>Medford, Oregon 97501<br>(541) 776-3564 |

February 14, 2017

Mrs. Emily Simon
26 NE 11th Ave.
Portland, OR 97232

Re: *United States v. Brett Allen McNeal*
    Plea Offer

Dear Counsel:

    Pursuant to our conversations, the United States respectfully submits the following plea offer to your client, Defendant Brett Allen McNeal ("Defendant").

1.    **Parties/Scope:** This plea agreement is between the United States Attorney's Office for the District of Oregon (USAO) and Defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges or offenses other than those specifically set forth in this letter.

2.    **Charges/Maximum Penalties:** Defendant agrees to plead guilty to an Information charging him with distribution of oxycodone in violation of 21 U.S.C. § 841(a)(1). Defendant understands that this count carries a maximum penalty of 20 years, a $250,000 fine, a supervised release term of three (3) years and a mandatory fee assessment of $100.

3.    **Guilty Plea, Elements, and Factual Basis:** Defendant agrees to plead guilty to Counts I of the Information in that:

> Between approximately January and April of 2012, in the District of Oregon, Defendant did knowingly and intentionally distribute oxycodone, a Schedule II controlled substance, which he illegally obtained from Robert Austin Alderete. Defendant paid Alderete $15-20 for each oxycodone (30 mg) pill in addition to obtaining hydrocodone (10 mg) pills and illegally resold them to customers including Jessica

Mrs. Emily Simon re: McNeal Plea Offer
Page 2
February 14, 2017

---

      Lynn Morretti. During this time, Defendant illegally obtained and distributed at least 450 oxycodone 30 mg pills.

Defendant agrees that the USAO is able to prove beyond a reasonable doubt the elements of this offense and that he is guilty of this crime.

4. **Dismissal/No Prosecution:** The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO agrees not to bring additional charges against Defendant in the District of Oregon arising out of this drug investigation, known to the USAO at the time of this agreement.

5. **Sentencing Factors:** The parties agree the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6. **Sentencing Guideline Range:** The USAO will recommend the following guideline calculations:

Defendant's base offense level is 38 under U.S.S.G. § 2D1.1(a)(2) as a result of the death of Jessica Lynn Morretti. Pursuant to U.S.S.G. § 5C1.2(a)(3), the government does not believe a safety valve reduction is warranted. Defendant reserves the right to challenge the USAO's position on the guidelines including but not limited to application of U.S.S.G. § 2D1.1(a)(2) for death resulting in this crime.

7. **Acceptance of Responsibility:** Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If Defendant does so, the USAO will recommend a three-level reduction in Defendant's offense level. The USAO reserves the right to change this recommendation if Defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8. **Sentence Recommendation:** Provided that Defendant accepts responsibility as addressed above, the USAO will recommend a low end sentence of the guideline range if the court finds that the base offense level to be 38 based on a death resulting from the crime. If the court does not, then the USAO reserves the

Mrs. Emily Simon re: McNeal Plea Offer
Page 3
February 14, 2017

_____

right to request the high end of the applicable advisory guideline range as ultimately determined by the Court.

9. **Additional Departures, Adjustments, or Variances**: Defendant reserves the right to seek downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range.

10. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the Government may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

11. **Forfeiture**: By signing this agreement, Defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets subject to forfeiture pursuant to 21 U.S.C. § 853.

12. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the Presentence writer and the Court of the facts and law related to Defendant's case. Except as set forth in this agreement, the parties reserve all other rights to respond to motions and arguments by the opposition.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, Defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Breach of Plea Agreement**: If Defendant breaches the terms of this agreement, or commits any new criminal offenses between entry of his guilty plea and sentencing, the USAO is relieved of its obligation under this agreement, but Defendant may not withdraw any guilty plea.

Mrs. Emily Simon re: McNeal Plea Offer
Page 4
February 14, 2017

---

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Total Agreement:** This letter states the full extent of the agreement between the parties. No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.

16. **Signing of Agreement Represents a Voluntary, Knowing and Intelligent Acceptance of Agreement:**

    A. If Defendant accepts this offer, please have him sign and attach the original of this letter to the Petition to Enter Plea. His signature will represent that he has voluntarily, knowingly and intelligently accepted the agreement, and has agreed he will abide by all its terms.

    B. By signing this plea offer and attaching it to his plea petition, Defendant agrees that this plea agreement should and will be part of his plea colloquy under Federal Rule of Criminal Procedure Rule 11, and that it will serve in part as the factual and legal basis for his plea in any appellate or collateral review.

17. **Deadline:** This offer may be revoked at any time prior to Defendant entering his guilty plea, and this offer expires if not accepted by February 17, 2017, at 5 p.m.

Sincerely,

BILLY J. WILLIAMS
United States Attorney

JOSEPH HUYNH
Assistant United States Attorney

Mrs. Emily Simon re: McNeal Plea Offer
Page 5
February 14, 2017

---

   I HEREBY FREELY AND VOLUNTARILY ACCEPT THE TERMS AND CONDITIONS OF THIS PLEA OFFER, WHICH I FULLY UNDERSTAND AFTER FIRST REVIEWING AND DISCUSSING EVERY PART OF IT WITH MY ATTORNEY. I AM SATISFIED WITH THE LEGAL ASSISTANCE PROVIDED TO ME BY MY ATTORNEY, AND I WISH TO PLEAD GUILTY TO THE CHARGE IN THE INFORMATION BECAUSE, IN FACT, I AM GUILTY.

2-17-17
DATE

[signature]
DEFENDANT

   I REPRESENT DEFENDANT AS LEGAL COUNSEL. I HAVE CAREFULLY REVIEWED AND DISCUSSED EVERY PART OF THIS AGREEMENT WITH DEFENDANT. TO MY KNOWLEDGE, DEFENDANT'S DECISIONS TO ENTER INTO THIS AGREEMENT AND TO PLEAD GUILTY ARE INFORMED AND VOLUNTARY ONES.

2-17-17
DATE

[signature]
ATTORNEY FOR DEFENDANT